# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEITH AUSTIN, | |
| Plaintiff, | Case No. 08 CV 2704 NF |
| v. | District Judge Zagel |
| GIBSON ELECTRIC AND TECHNOLOGY SOLUTIONS, a wholly-owned subsidiary of EMCOR GROUP, INC., | Magistrate Judge Brown |
| Defendant. | |

## PLAINTIFF KEITH AUSTIN'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES ASSERTED IN DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff Keith Austin ("Austin"), by and through his attorneys Caffarelli & Siegel Ltd., and pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, respectfully moves this Court to strike portions of Defendant Gibson Electric and Technology Solutions' ("Gibson's") Affirmative Defenses Asserted in its Answer to Plaintiff's Complaint, specifically on the grounds that Affirmative Defenses 1, 2, 3, 5, 6, 7, 8, 9, 11, and 12 fail to comport with the Federal Rules of Civil Procedure and on the basis that they threaten to expand discovery, delay the proceedings, and lead to irrelevant evidence.

In support of this Motion, Austin submits an accompanying Memorandum of Law. For the reasons contained in the accompanying Memorandum of Law, Austin seeks to strike Affirmative Defenses 1, 2, 3, 5, 6, 7, 8, 9, 11, and 12 of Gibson's Answer and Affirmative Defenses to his Complaint.

2

WHEREFORE, Plaintiff Austin respectfully requests this honorable Court to grant his motion to strike the indicated portions of Gibson's Affirmative Defenses asserted in its Answer to his Complaint and to grant him all other relief that is deemed just.

Dated: June 12, 2008                                                Respectfully submitted,

Alejandro Caffarelli, #06239078                         KEITH AUSTIN
Lorraine T. Peeters, #06290434
Caffarelli & Siegel Ltd.
Two Prudential Plaza                                          By: /s/ Alejandro Caffarelli___
180 North Stetson Ste. 3150                                     Attorney for Plaintiff
Chicago, IL  60601
Tel. (312) 540-1230
Fax (312) 540-1231

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that she caused a copy of the attached, **Plaintiff Keith Austin's Motion to Strike Certain Affirmative Defenses Asserted in Defendant's Response to Plaintiff's Complaint**, to be served upon the party below by electronically filing with the Clerk of the U.S. District Court of the Northern District of Illinois on June 12, 2008.

    John A. Berg
    Drinker Biddle & Reath LLP
    191 N. Wacker Dr., Ste. 3700
    Chicago, IL 60606-1698
    Ph (312) 569-1000
    Fax (312) 569-3000
    John.berg@dbr.com

Courtesy copies delivered to chambers of Judge Zagel on same day via hand delivery.

                                        /s/ Alejandro Caffarelli
                                        Attorney for the Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH AUSTIN,<br><br>              Plaintiff,<br><br>v.<br><br>GIBSON ELECTRIC AND TECHNOLOGY SOLUTIONS, a wholly-owned subsidiary of EMCOR GROUP, INC.,<br><br>              Defendant. | Case No. 08 CV 2704 NF<br><br>District Judge Zagel<br><br>Magistrate Judge Brown |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES
ASSERTED IN DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Plaintiff Keith Austin ("Austin") submits this Memorandum of Law in support of his Motion to Strike Certain Affirmative Defenses Asserted in Defendant Gibson Electric and Technology Solutions' ("Gibson's") Answer to Plaintiff's Complaint.[1]

## INTRODUCTION

On May 09, 2008, Austin filed his three-count Complaint before this Court based on Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. C. § 2000e *et seq.* ("Title VII") and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981").  In his Complaint, Austin alleges that Defendant failed to promote him on the basis of his race, Black, in violation of Title VII.  Austin further alleges that subsequent to his filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and receiving a "cause" finding of discrimination, Defendant retaliated against Austin by disciplining and ultimately terminating him, in violation of both Title VII and Section 1981.

---

[1] Defendant has clarified that its proper corporate name is Gibson Electric Co., Inc.

On June 02, 2008, Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint. In its Answer, Defendant asserted twelve Affirmative Defenses, ten of which for the reasons below should be stricken as insufficient, redundant, immaterial, and/or impertinent, in violation of Rule 12(f) of the Federal Rules of Civil Procedure and applicable case law.

## LEGAL STANDARD FOR MOTIONS TO STRIKE

By striking defenses, the Court can exclude immaterial issues that threaten to expand discovery, delay the proceedings, or lead to irrelevant evidence. The relevant federal rule and cases thereunder provide important guidance on this issue. The rule, Fed. R. Civ. P. 12(f), states that "[u]pon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A Rule 12(f) motion serves to avoid the expenditure of time and money that must arise from litigating spurious issues, by dispensing with those issues prior to trial.

Implementing Rule 12(f), the Northern District of Illinois follows a three-part test in examining affirmative defenses. A stated defense must meet all three requirements, or it should be stricken by the court:

1. The matter must be properly pleaded as an affirmative defense;
2. The matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and
3. The matter must withstand a Rule 12(b)(6) challenge.

Yash Raj Films Inc. v. Atl. Video, No. 03 C 7069, 2004 WL 626827 at *2 (N.D. Ill. May 28, 2004), citing Renalds v. S.R.G. Restaurant Grp., 119 F. Supp. 2d 800, 802-03 (N.D. Ill. 2000).

The applicable case law provides further insight as to the court's standard in examining affirmative defenses. As a general rule, affirmative defenses which merely restate denials of allegations in a complaint are redundant, add needless clutter to litigation, and should be stricken as a matter of law. Imperial Construction Management Corp. v. Laborers' Int'l Union of N.

America, 818 F. Supp. 1179, 1186 (N.D. Ill. 1993), citing Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989).  Such responses should be stricken "if they raise matters already raised in the defendant's denial."  Renalds, 119 F. Supp. 2d at 802, citing Household Fin. Serv., Inc. v. Northeastern Mortgage Inv. Corp., No. 00 C 0667, 2000 WL 816795 at *1 (N.D. Ill. June 22, 2000).

Further, an argument presented as an affirmative defense must properly qualify as an affirmative defense in order to withstand a motion to strike.  An affirmative defense may be defined as "an admission of the facts alleged in the complaint coupled with an assertion of some other reason as to why defendant is not liable."  Cohn v. Taco Bell Corp., No. 92 C 5852, 1995 WL 247996 at *3 (N.D. Ill. Apr. 24, 1995), citing Bobbitt v. Victorian House, Inc., 532 F. Supp. 734, 736 (N.D. Ill. 1982).  Stated another way, an affirmative defense "takes the same approach of *admitting* all of the allegations of a complaint, but of then going on to explain *other reasons that defendant is not liable* to plaintiff anyway."  State Farm Mut. Auto Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001) (emphasis added).  As such, the Northern District of Illinois has stated that "where a claimed affirmative defense is inconsistent with a complaint's allegation, it will be stricken."  Id.

Finally, even assuming that an affirmative defense is otherwise valid, the defense must be stricken if it is a mere conclusory allegation which would be insufficient even under the liberal notice pleading standard of the Federal Rules.  See Voeks v. Wal-Mart Stores, Inc., No. 07-C-0030, 2008 WL 89434 at *5 (E.D. Wis. Jan. 07, 2008).  Indeed, the Seventh Circuit in Heller, 883 F.2d 1286, upheld the striking of some of the defendant's affirmative defenses because they were "nothing but bare bones conclusory allegations."  Id. at 1295.  Similarly, in Riley, 199 F.R.D. 276, the Northern District of Illinois stated that "it is unacceptable for a party's attorney

simply to mouth alternative defenses in formula-like fashion . . . for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense – which is after all the goal of notice pleading." Id. "Simply naming a legal theory without indicating how it is connected to the case at hand is not sufficient to withstand a motion to strike." Renalds, 119 F. Supp. 2d at 803.

## ARGUMENT

**A.    This Court should strike the defense that the Complaint fails to state a claim.**

Defendant's first affirmative defense is that "Plaintiff's Complaint fails to state a claim upon which relief may be granted." (Def. Ans., "First Defense.") This defense is without any legal basis, and should be stricken by the Court. The Northern District has specifically held that the stated defense is merely a "recitation of the standard for a motion to dismiss under Rule 12(b)(6), not an affirmative defense." Weisman v. First Data Merchant Services Corp., No. 06 C 3024, 2006 WL 3694853 at *1 (N.D. Ill. Dec. 11, 2006), quoting Renalds, 119 F. Supp. 2d at 803. Moreover, the "affirmative defense" of "failing to state a claim" does not satisfy the pleading standard of Rule 8(c) when, as here, it is not accompanied by "some explanation about which claim is deficient and why." Id.

Austin's Complaint summarizes his claim against Defendant for engaging in discrimination in violation of Title VII, and retaliation in violation of both Title VII and Section 1981. It is well-established that failing to promote an employee on the basis of his race is a violation of the anti-discrimination provisions of Title VII. 42 U.S.C. § 2000e-2(a); 29 C.F.R. § 1607.2(B) (stating that "employment decisions include but are not limited to hiring [and] promotion . . ." and "[o]ther selection decisions, such as selection for training or transfer, may also be considered employment decisions"). Moreover, it is a violation of Title VII to retaliate

against an employee because, like Austin, "he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). The United States Supreme Court has recently upheld that Section 1981 also prohibits retaliation for opposing discrimination on the basis of race. CBOCS West, Inc. v. Humphries, No. 06-1431, --- S. Ct. ---, 2008 WL 2167860 at *4 (U.S. May 27, 2008).

As addressed above, Defendant's First Defense should be stricken because it is inconsistent with the allegations in Austin's Complaint. Riley, 199 F.R.D. at 279. If Defendant were to admit the allegations of Austin's Complaint, its First Defense would fail because it does not contain any type of assertion of some reason why the Defendant is not liable. See Cohn, 1995 WL 247996 at *3. For this reason, the Court should strike Defendant's First Defense.

Moreover, Defendant's First Defense is a bare-bones conclusory statement that should be stricken as a matter of law. See Yash Raj, 2004 WL 1200184 at *2 (finding that defendant's affirmative defense that plaintiff failed to state a claim was a "boilerplate legal conclusion" that failed to meet the standards set forth in Rule 8(a) of the FRCP and applicable case law). For this reason alone, Defendant's First Defense should be sticken.

      **B.**      **This Court should strike the defense of unclean hands.**

Defendant's second affirmative defense is that "Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands." (Def. Ans., "Second Defense.") Defendant's Second Defense is a mere conclusory allegation which provides Plaintiff and this Court with no information of the predicate for the equitable defense. As such, it should be stricken by the Court. See Heller, 883 F.2d at 1295; Riley, 199 F.R.D. at 279.

Defendant fails to provide even basic information as to which claims should be barred by the doctrine of unclean hands, or how the Plaintiff has acted unethically or in bad faith with respect to any of the allegations of his Complaint. Defendant should not be allowed to simply list generic affirmative defenses, while providing absolutely no basis or rationale for the application to the instant matter. See Riley, 199 F.R.D. at 279. In the absence of even a basic indication of how Austin acted unethically or in bad faith, the Plaintiff has no notice of the predicate of Gibson's claimed defense. Indeed, courts in this district "consistently [strike] these [equitable] defenses where they are insufficiently pled." Yash Raj, 2004 WL 1200184 at *3 (cites omitted) (striking the defendant's affirmative defense of unclean hands for failure to provide any factual basis). For this reason, the Court should strike Gibson's Second Defense.

**C.　　This Court should strike the defense that Defendant is not liable for the actions of its agents.**

Defendant's third affirmative defense is that "Defendant is not liable for Plaintiff's alleged damages because, if any person engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he or she did so without the knowledge, authorization, or ratification of the Defendant." (Def. Ans., "Third Defense.") Defendant's Third Defense is without any legal basis, and should be stricken by the Court.

Pursuant to Title VII, the covered entity is the "employer." 42 U.S.C. § 200e-2(a). The Seventh Circuit courts, like courts nation-wide, "interpret the statute not as imposing personal liability on agents, but as invoking the doctrine of *respondeat superior* to make employers responsible for the actions of their agents. Gastineau v. Fleet Mortg. Corp., 137 F.3d 490, 493 (7th Cir. 1998). Moreover, "the same standards governing liability under Title VII apply to Section 1981." Gonzalez v. Ingersoll Milling Mach. Co., 133 F.3d 1025, 1035 (7th Cir. 1998). In this case, Austin has alleged in his Complaint that agents of the Defendant Company

discriminated against him on the basis of his race in violation of Title VII, and retaliated against him in violation of both Title VII and Section 1981.

Apart from having no legal basis, Defendant's Third Defense is inconsistent with the allegations in Austin's Complaint. Taking the allegations in Austin's Complaint as true, Defendant's Third Defense fails because it does not assert any cognizable reason for why the Defendant Company is not liable. See Cohn, 1995 WL 247996 at *3. For this reason, the Court should strike Defendant's Third Defense.

   **D.  This Court should strike the defense that any award of punitive damages is inappropriate and/or unconstitutional.**

Defendant's fifth affirmative defense is that "[a]ny award of punitive damages in this case would contravene the federal and state constitutions and/or would be barred because Defendant has engaged in good faith efforts to comply with all federal civil rights laws." (Def. Ans., "Fifth Defense.") Defendant's Fifth Defense is unsupported, redundant, inconsistent with Plaintiff's allegations, and a mere conclusory allegation which should be stricken.

This defense is an incorrect statement of the law. Under both Title VII and Section 1981, punitive damages may be awarded to the plaintiff employee. 42 U.S.C. § 1981a(a), (b); See also, e.g., Williamson v. Handy Button Mach. Co., 817 F.2d 1290 (7th Cir. 1987). Specifically, punitive damages are available where the "employer has engaged in intentional discrimination and has done so with malice or reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b); Renalds, 119 F. Supp. 2d at 805. Defendant's bald assertion that it had "engaged in good faith efforts to comply with all federal civil rights laws" contradicts the allegations in Austin's Complaint and, unsupported, constitutes nothing more than a conclusory allegation. See Renalds, 119 F. Supp. 2d at 803. Defendant's Fifth Defense

7

provides no basis for Plaintiff or the Court to understand how Defendant engaged in good faith efforts. For this reason alone, Defendant's Fifth Defense should be stricken.

Moreover, Defendant's Fifth Defense should be stricken because it raises matters already raised in the Defendant's denial. See Renalds, 119 F. Supp. 2d at 802, citing Household Fin. Serv., 2000 WL 816795 at *1. Stating that Defendant acted in good faith is same as Gibson's denial of Austin's allegations that the Defendant acted in bad faith, and that its actions were willful and outrageous (Def. Ans. ¶¶ 48, 58, and 62). Affirmative defenses which merely restate denials on allegations in the Complaint are redundant, add needless clutter to the litigation, and should be stricken as a matter of law. Imperial Construction, 818 F. Supp. At 1186; Heller, 883 F.2d at 1294. As such, Defendant's Fifth Defense is superfluous and should be stricken on the basis that it adds needless clutter to this litigation. See Heller, 883 F.2d at 1294.

### E.    This Court should strike the defense that Plaintiff is not entitled to the damages and other relief he seeks in his Complaint.

Defendant's sixth affirmative defense is that "Plaintiff is not entitled to the damages and other relief he seeks in his Complaint." (Def. Ans., "Sixth Defense.") This defense is unsupported, conclusory, and without any legal basis, and should be stricken by the Court. The allegations in Austin's Complaint accurately summarize his claim for discrimination in violation of Title VII, and retaliation in violation of both Title VII and Section 1981. The damages and relief sought by Plaintiff are appropriate under both Title VII and Section 1981.

As addressed in section A above, failing to promote an employee on the basis of his race is a violation of the anti-discrimination provisions of Title VII. 42 U.S.C. § 2000e-2(a); 29 C.F.R. § 1607.2(B). Further, it is unlawful to retaliate against an employee because "he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding,

or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). Retaliation on such a basis is also in violation of Section 1981. <u>Humphries</u>, 2008 WL 2167860 at *4.

Based on the allegations contained in his Complaint, Austin seeks the following damages and relief:

(a) Declaring that the acts of Defendant in failing to promote Austin, as described herein, constitute unlawful discrimination in violation of Title VII;
(b) Declaring that the acts of Defendant in retaliating against and terminating Austin, as described herein, constitute unlawful retaliation in violation of Title VII;
(c) Declaring that the acts of Defendant in retaliating against and terminating Austin, as described herein, constitute unlawful retaliation in violation of Section 1981;
(d) Enjoining and permanently restraining these violations of Title VII;
(e) Enjoining and permanently restraining these violations of Section 1981;
(f) Directing Defendant to take such action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Austin's or other employees' employment opportunities;
(g) Awarding Austin front pay and compensation for lost future earnings until such time as Austin is able to secure work that is comparable to the work he would have received had no unlawful violations taken place;
(h) Directing Defendant to make Austin whole for all earnings he would have received but for the Company's discriminatory and retaliatory acts, including but not limited to ordering back pay for all Austin's wages and other benefits;
(i) Awarding Austin compensatory and punitive damages for each of Defendant's violations of Title VII and Section 1981, in amounts to be determined at trial;
(j) Awarding Austin his reasonable attorneys' fees and costs as provided by §706(k) of Title VII, 42 U.S.C. §2000e-5(k), and §1988(b).
(k) Awarding Austin such further and additional relief as the Court may deem just and proper.

(Pl. Complaint.) Each of these requested damages or remedies can be classified as injunctive relief, back pay, reinstatement or front pay, compensatory damage, punitive damages, or attorney's fees – each of which are available under both Title VII and Section 1981. 42 U.S.C. § 2000e-5(g), (k); 42 U.S.C. § 1981a(a), (b).

Defendant's Sixth Defense should be stricken because it is inconsistent with the allegations in Austin's Complaint. <u>Riley</u>, 199 F.R.D. at 279. If Defendant were to admit the allegations of Austin's Complaint, its Sixth Defense would fail because it does not contain any type of assertion of some reason why the Defendant is not liable for each or any of the sought damages or relief. See <u>Cohn</u>, 1995 WL 247996 at *3. For this reason alone, the Court should strike Defendant's Sixth Defense.

In addition, Defendant's Sixth Defense should be stricken because it is redundant and because it raises matters already raised in the Defendant's denial. See <u>Renalds</u>, 119 F. Supp. 2d at 802, <u>citing</u> <u>Household Fin. Serv.</u>, 2000 WL 816795 at *1. Stating that Plaintiff is not entitled to the damages and relief sought is same as Gibson's denial of Austin's allegations that Defendant violated Title VII or Section 1981 (Counts I, II, and II of Pl.'s Complaint), and in particular that Austin has suffered injury or is entitled to specific damages (Def. Ans. ¶¶ 47, 48, 57, 58, 61, and 62). As addressed above, affirmative defenses which merely restate denials on allegations in the Complaint are redundant, add needless clutter to the litigation, and should be stricken as a matter of law. <u>Imperial Construction</u>, 818 F. Supp. At 1186; <u>Heller</u>, 883 F.2d at 1294. As such, Defendant's Sixth Defense is superfluous and should be stricken on the basis that it adds needless clutter to this litigation. See <u>Heller</u>, 883 F.2d at 1294.

**F.    This Court should strike the defense that Defendant would have taken the same action in the absence of unlawful motivating factors.**

Defendant's seventh affirmative defense is that "[a]ssuming for the purposes of this defense that Plaintiff could demonstrate that his race was a motivating factor in the personnel actions he challenges, Defendant would have taken the same action in the absence of any such motivating factor." (Def. Ans., "Seventh Defense.") This statement is not an affirmative defense; it is a restatement of Defendant's denials of Austin's allegations. <u>Weisman</u>, 2006 WL

10

3694853 at *1.  Indeed, stating that it would have taken the same action despite improper motives is the same as denying that Defendant performed satisfactorily (Def. Ans., ¶ 13), and was pretextually disciplined (Def. Ans., ¶¶ 29, 30), or that Defendant's agents acted in violation of Title VII (Def. Ans., ¶¶ 31, 32, 33, 34, 35, 41, 46, 56, 60).  Defendant's Seventh Defense merely restates denials on allegations in the Complaint and as such is redundant and adds needless clutter to the litigation.  See Imperial Construction, 818 F. Supp. At 1186; Heller, 883 F.2d at 1294.  Defendant's Seventh Defense should be stricken as a matter of law.  Id.; Weisman, 2006 WL 3694853 at *1.

> **G.    This Court should strike the defense that any damages allegedly sustained by Plaintiff were caused, in whole or in part, by his own acts or omissions, or the acts or omissions of others over whom the Defendant has no control.**

Defendant's eighth affirmative defense is that "[a]ny damages allegedly sustained by Plaintiff were caused, in whole or in part, by his own acts or omissions, or the acts or omissions of others over whom the Defendant has no control."  (Def. Ans., "Eighth Defense.") Notwithstanding that this Eighth Defense seems to re-state and combine Defendant's Second and Third Defenses, Defendant's Eighth Defense is a mere conclusory allegation which provides Plaintiff and this Court with no information of the predicate for the defense, and it should be stricken by the Court.  See  Heller, 883 F.2d at 1295; Riley, 199 F.R.D. at 279.  Defendant's Eighth Defense is an equitable defense, and it is not pled with any degree of specificity it is not sufficient to provide Austin with fair notice under the pleading standard of Rule 8.  See Voeks, 2008 WL 89434 at *7.  In this case, stating that Plaintiff's damages were caused by Plaintiff or others over whom Defendant has no control gives Austin and the Court absolutely no notice of the predicate of Gibson's Eighth Defense.  For this reason alone, Gibson's Eighth Defense should be stricken.

11

Moreover, Defendant's Eighth Defense it is inconsistent with the allegations in Austin's Complaint. Riley, 199 F.R.D. at 279. Defendant's Eight Defense essentially refutes that any of Austin's allegations could be true. This is redundant of denials in Defendant's Answer and fails to satisfy the purpose of an affirmative defense. The purpose of an affirmative defense is not to simply pose allegations which refute the Plaintiff's allegations; "an affirmative defense is an admission of the facts alleged in the complaint coupled with an assertion of some other reason as to why defendant is not liable." Cohn, 1995 WL 247996 at *3, citing Bobbitt, 532 F. Supp. at 736. If Defendant were to admit the allegations of Austin's Complaint, its Eighth Defense would fail because it does not contain any type of assertion as to why the Defendant would not be liable for each or any of the sought damages or relief. See Cohn, 1995 WL 247996 at *3. Therefore, the Court should strike Defendant's Eighth Defense.

**H.     This Court should strike the defense that Defendant made decisions pursuant to legitimate non-retaliatory and non-discriminatory business reasons.**

Defendant's ninth affirmative defense is that "Defendant had a legitimate non-retaliatory and non-discriminatory business reason for all decisions made with respect to Plaintiff." (Def. Ans., "Ninth Defense.") Defendant's Ninth Defense should be stricken because, like Defendant's Seventh Defense, it raises matters already raised in the Defendant's denial. Renalds, 119 F. Supp. 2d at 802, citing Household Fin. Serv., 2000 WL 816795 at *1. Stating that Plaintiff's own acts or omissions caused the Defendant to fail to promote him, and later caused Defendant to discipline and terminate him, is essentially the same as Gibson's denial of Austin's allegations that he performed his job satisfactorily (Def. Ans. ¶ 13), that he was denied the promotion because of his race (Def. Ans. ¶ 46), and that Defendant disciplined and terminated Austin in retaliation (Def. Ans. ¶¶ 56, 60). Essentially, Defendant's Ninth Defense operates as a denial of liability for all claims alleged by Austin; as such, this court has held that it

12

"does not qualify as an affirmative defense" and is a mere "restatement of Defendant's denials." Yash Raj, 2004 WL 1200184 at *3; Weisman, 2006 WL 3694853 at *1. "Matters that clearly are not affirmative defenses should be stricken" because they have already, as in this case, been put into issue by denial. See Id. Defendant's Ninth Defense should be stricken for this reason alone. Id.; Weisman, 2006 WL 3694853 at *1.

Moreover, Defendant provides no information about or explanation of the basis for its Ninth Defense. Merely stating that Defendant had "legitimate, non-retaliatory and non-discriminatory business reasons" for failing to promote, disciplining, and terminating Austin fails to amount to anything more than a "bare bones conclusory allegation" on the part of the Defendant. Yash Raj, 2004 WL 1200184 at *3. This type of statement fails to meet the requirements for affirmative defenses under the notice pleading standard, and thus Defendant's Ninth Defense should be stricken as insufficient as a matter of law. See Heller, 883 F.2d at 1295; see also Riley, 199 F.R.D. at 279.

**I.     This Court should strike the defense of laches and the applicable statute of limitations.**

Defendant's eleventh affirmative defense is that "Plaintiff's claims are barred, in whole or in part, by the doctrine of laches and the applicable statute of limitations." (Def. Ans., "Eleventh Defense.") Defendant's Eleventh Defense contains mere conclusory allegations which provide Plaintiff and this Court with no information of the predicate for the defense. As such, it should be stricken by the Court. See Heller, 883 F.2d at 1295; Riley, 199 F.R.D. at 279. This court has specifically held that these types of affirmative defenses should be stricken when they are not pled "with the specific elements required to establish the defense." Marina Bartashnik v. Bridgeview Bancorp, Inc., No. 05 C 2731, 2005 WL 3470315 at *4 (N.D. Ill. Dec. 15, 2005), quoting Yash Raj, 2004 WL 1200184 at *3.

13

Moreover, Defendant's Eleventh Defense is factually inaccurate and is an improper application of the law. The defense seems inserted simply to complicate proceeding of the case and clutter the Court's docket. As admitted by the Defendant, Austin received Notices of his Right to Sue from the Equal Employment Opportunity Commission ("EEOC") on both his timely filed charges (discrimination based on race, and retaliation in violation of Title VII) on April 30, 2008. (Def. Ans. ¶ 8.) Defendant admits that Austin's Complaint is "timely filed." (Def. Ans. ¶ 8.) Moreover, Austin's claim of retaliation in violation of Section 1981 tolled as of the date of his termination, September 24, 2004. His Complaint is timely as it was filed within four (4) years of the tolling of his claim. As such, Defendant's Eleventh Defense also fails because it is inconsistent with the allegations in Austin's Complaint and is thus improper as a matter of law. See Riley, 199 F.R.D. at 279. If Defendant were to admit the relevant allegations of Austin's Complaint, which it has, its Eleventh Defense fails because it does not contain any type of assertion of some reason why the Defendant Company is not liable. See Cohn, 1995 WL 247996 at *3. For this reason alone, the Court should strike Defendant's Eleventh Defense.

### J.　This Court should strike the defense that Plaintiff has failed to exhaust his administrative remedies.

Defendant's twelfth affirmative defense is that "Plaintiff has failed to exhaust his administrative remedies." (Def. Ans., "Twelfth Defense.") This defense is without any legal basis and is inconsistent with the allegations of the Complaint and Defendant's own admissions, and should be stricken by the Court.

Defendant fails to indicate the basis for its statement that "Plaintiff has failed to exhaust his administrative remedies." As an unsupported, bare-bones conclusory statement, Defendant's Twelfth Defense should be stricken. Heller, 883 F.2d at 1295; Riley, 199 F.R.D. at 279.

Moreover, Austin exhausted his administrative remedies by timely filing two charges of discrimination with the EEOC. (Def. Ans., ¶ 3.) The first charge, No. 210-2003-3268, alleged that Defendant failed to promote Austin on the basis of his race; the EEOC issued a "cause" finding on this claim on March 30, 2004, and a Notice of Right to Sue on April 30, 2008. (Def. Ans., ¶¶ 3, 27, 4, 28, 8.) The second charge, No. 210-2004-07672, alleged that Defendant had retaliated against Austin in violation of Title VII; the EEOC issued a "cause" finding on this claim on March 9, 2005, and a Notice of Right to Sue on April 30, 2008. (Def. Ans., ¶ 6, 7, 8.) There are no administrative prerequisites to filing a lawsuit for a violation of Section 1981. As such, Defendant's Twelfth Defense fails because it is inconsistent with the allegations in Austin's Complaint and is thus improper as a matter of law. See Riley, 199 F.R.D. at 279. If Defendant were to admit the relevant allegations of Austin's Complaint, which it has, its Twelfth Defense fails because it does not contain any type of assertion of some reason why the Defendant Company is not liable. See Cohn, 1995 WL 247996 at *3. For this reason alone, the Court should strike Defendant's Twelfth Defense.

## CONCLUSION

For the above compelling reasons, Austin respectfully requests that this Court strike Affirmative Defenses 1, 2, 3, 5, 6, 7, 8, 9, 11, and 12 of Gibson's Affirmative Defenses to his Complaint, and to award Austin all further relief that is deemed just.

Dated: June 12, 2008                                             Respectfully submitted,

Alejandro Caffarelli, #06239078                          KEITH AUSTIN
Lorraine T. Peeters, #06290434
Caffarelli & Siegel Ltd.
Two Prudential Plaza                                           By: /s/ Alejandro Caffarelli
180 North Stetson Ste. 3150                                      Attorney for Plaintiff
Chicago, IL 60601
Tel. (312) 540-1230
Fax (312) 540-1231

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that she caused a copy of the attached, **Memorandum of Law in Support of Plaintiff Keith Austin's Motion to Strike Certain Affirmative Defenses Asserted in Defendant's Answer to Plaintiff's Complaint**, to be served upon the party below by electronically filing with the Clerk of the U.S. District Court of the Northern District of Illinois on June 12, 2008.

John A. Berg
Drinker Biddle & Reath LLP
191 N. Wacker Dr., Ste. 3700
Chicago, IL 60606-1698
Ph (312) 569-1000
Fax (312) 569-3000
John.berg@dbr.com

Courtesy copies delivered to chambers of Judge Zagel on same day via hand delivery.

/s/ Alejandro Caffarelli
Attorney for the Plaintiff